IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HECTOR GONZALES,<br><br>    Plaintiff,<br><br>vs.<br><br>T. BOYD, Warden; SMITH, Corporal; WELCH, Corporal; YERO, Corporal; and HIATT, Case worker;<br><br>    Defendants. | 8:23CV462<br><br>MEMORANDUM AND ORDER |

Plaintiff Hector Gonazles, a prisoner proceeding in forma pauperis[1] and incarcerated at the Lincoln Reception and Treatment Center, filed a pro se Complaint on October 23, 2023, Filing No. 1, and a supplement on the following day, Filing No. 6 (collectively the "Complaint"). The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons that follow, the Complaint shall be dismissed without prejudice.

**I. SUMMARY OF COMPLAINT**

The subject matter of this case arises from Plaintiff's allegations that prison staff "broke rules and regulations" about which he filed various prison grievance forms which Plaintiff attached to his Complaint. Filing No. 1. Petitioner sues Warden T. Boyd ("Boyd"), Corporals Welch, Smith and Yero, and Case Worker Hiatt as defendants in their individual and official capacities. Filing No. 6 at 3–5.

---

[1] See Filing No. 7 and Filing No. 8.

Specifically, Plaintiff alleges that starting on March 12, 2022, Hiatt and other unnamed case workers poisoned his food and medicine causing him "heart pain," but defendant Warden Boyd did nothing to stop them. Filing No. 1 at 18, 20, 22; Filing No. 6 at 27–28. Plaintiff did, however, allege that he was seen by a doctor on April 7, 2022, and was told his heart was fine. Filing No. 1 at 20.

Plaintiff contends that Yero and Welch "punish[ed him] and caused [him] harm." Filing No. 6 at 15–16. Plaintiff also alleges that defendants Smith, Yero, and Welch exposed him to chemicals on multiple occasions that gave him a rash which made him itch and scratch his "whole body" and made him sick and that defendant Boyd did nothing to stop them. Filing No. 1 at 5–7, 9–10, 14; Filing No. 6 at 17, 21, 22, 24.

Plaintiff contends that medical staff evaluated him and informed him that the chemicals causing his rash came from his job, but they refused to check his blood for contamination from the chemicals and Plaintiff asserts he had been working with chemicals for 8 or 9 months without issue. Filing No. 6 at 19, 22, 25. Plaintiff also alleges that on June 23, 2023, he asked defendant Welch to call the medical staff but he refused. Id. at 23. Finally, he alleges that the medical staff refuse to give him any medicine for the rash aside from Benadryl because he has a tongue fungus. Id. at 30.

This Court construes Plaintiff's claims as conditions of confinement claims arising under the Eighth Amendment against Yero, Welch, Hiatt, and Smith and respondeat superior claims against Boyd for their actions.[2]

---

[2] Plaintiff specifically brings Eighth Amendment cruel and unusual punishment claims in his Complaint but also mentions due process claims under the Fourteenth Amendment, and what appear to be claims of failure to follow prison regulations against all defendants. Filing No. 6 at 4; see also Filing No. 1 at 7. This Court shall only address Plaintiff's claims relating to the alleged Eighth Amendment violations by the parties, because, while Plaintiff appears to conclude due process violations have occurred, he does not provide the requisite factual support for any due process claim to proceed. Walters v. Weiss, 349 F. Supp. 2d 1160, 1167 (E.D. Ark. 2003), aff'd, 392 F.3d 306 (8th Cir. 2004) (stating a claim under the Due Process Clause

Plaintiff alleges that because of defendants' actions he suffers from an itchy rash on his face, hands, legs, and feet which left scabs on his left hand and that he suffered "heart pain" intermittently. Filing No. 6 at 30. Plaintiff seeks compensatory and punitive damages of $20,000,000 per each defendant for each claim. Id.

## II. APPLICABLE STANDARDS ON INITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

Plaintiff sues Smith, Welch, and Yero in their individual and official capacities for an Eighth Amendment conditions of confinement claim relating to allegedly exposing Plaintiff to chemicals that made him develop a rash and against defendant Hiatt for

---

requires a plaintiff to demonstrate "(1) a cognizable property interest; (2) a deprivation of that interest and (3) a denial of due process."). To the extent Plaintiff seeks to allege a claim relating to access to, or the proper function of, the institutional grievance procedures, that claim would fail as "[i]nmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." Hildebrand v. Kugler, No. 1:19-CV-01006, 2019 WL 2134622, at *1 (W.D. Ark. May 3, 2019), report and recommendation adopted, No. 1:19-CV-1006, 2019 WL 2130152 (W.D. Ark. May 15, 2019) (quotation and citation omitted) (collecting cases). Finally, to the extent Plaintiff intends to allege a claim for failure to follow any other prison procedure, there is no description of the procedure at issue nor are there any allegations linking any of the named defendants to that specific claim, and, even if there were, this Court is also unable to enforce prison policies and instead may only address claims relating to policies that involve a constitutionally protected interest, see e.g. Bushner v. Reynolds, No. 2:24-CV-1861, 2024 WL 2206213, at *10 (S.D. Ohio May 16, 2024).

3

allegedly poisoning his food and medicine causing him heart pain. He also sues defendant Boyd in his individual and official capacity under what this Court construes as a respondeat superior theory for the actions of Hiatt, Smith, Welch, and Yero. None of these claims may proceed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). A § 1983 plaintiff also must state *somewhere* in the complaint that the plaintiff "sues each and all defendants in both their individual and official capacities" otherwise it is presumed the claims are only official capacity claims. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.1989) (emphasis added).

Moreover, pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser

pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

As an initial matter, while Plaintiff sues all defendants in their official capacities, such official capacity claims against public officials are construed as filed against the officers' employing entity. *Norfleet By & Through Norfleet v. State of Ark. Dep't of Hum. Servs.*, 796 F. Supp. 1194, 1197 (E.D. Ark. 1992) ("State officers sued in their official capacity . . . assume the identity of the government that employs them. That is, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and therefore is no different from a suit against the State itself."), *aff'd sub nom. Norfleet By & Through Norfleet v. Arkansas Dep't of Hum. Servs.*, 989 F.2d 289 (8th Cir. 1993) (citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989)) (internal quotations omitted). In this instance, as all defendants are employees of the Nebraska Department of Correctional Services' Reception and Treatment Center in Lincoln, Nebraska, the suit is functionally against the State of Nebraska.

The Eleventh Amendment, however, bars suit against a state "regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it." *Norfleet*, 796 F. Supp at 1197. As Congress did not override states' sovereign immunity when it enacted 42 U.S.C. § 1983, *see Will,* 491 U.S. at 66–67, and the State of Nebraska has not consented to be sued under section 1983, *see Anthony K. v. State*, 289 Neb. 523, 536 (2014) ("Nebraska has not waived its sovereign immunity with regard to § 1983 suits brought against it."), all of Plaintiff's claims against all defendants in their official capacities are barred as a matter of law and must be dismissed.

Turning to Plaintiff's Eighth Amendment individual capacity claims against Hiatt for allegedly poisoning his food and medicine and against Smith, Yero, and Welch for allegedly exposing Plaintiff to chemicals, these claims also cannot proceed.

Under the Eighth Amendment, officials must ensure that prisoners are afforded "humane conditions of confinement," such as "adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Famer v. Brennan*, 511 U.S. 825, 832 (1994). To sustain an Eighth Amendment conditions-of-confinement claim, a plaintiff must show that the deprivation he suffered was sufficiently serious under an objective standard, and that the act was done with sufficiently culpable state of mind under a subjective standard. *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir.1995). Put another way, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Plaintiff has not demonstrated either element in relation to his claims relating to Hiatt's alleged poisoning of Plaintiff's food and medicine. While prison inmates certainly have a right to nutritionally adequate food, *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir.1992), Plaintiff simply concludes that the food (and medicine) he received from Hiatt was poisoned and that the alleged poisoning caused Plaintiff to suffer heart pain. Plaintiff does not allege the existence of any evidence that he was deprived of adequate untainted food by anyone, nevertheless defendant Hiatt, as Plaintiff does not allege Hiatt delivered or prepared the tainted food nor does Plaintiff allege he saw Hiatt tamper with the food. Even assuming food or medicine was contaminated by someone, it would be speculative

at best to conclude Hiatt was the culprit even if he had delivered Plaintiff's food/medicine to him. See *Livingston v. Goord*, 225 F.Supp.2d 321, 322 (W.D.N.Y. 2002), *overruled on other grounds*.

Plaintiff's claims relating to Plaintiff's alleged purposeful exposure to dangerous chemicals by Yero, Welch, and Smith suffer from the same deficiencies as the previously discussed claim against Hiatt. Plaintiff does not allege he saw or otherwise had any affirmative knowledge that Yero, Welch, or Smith exposed him to chemicals while he was sleeping (or trying to sleep in his room), nor does he allege any connection between the alleged chemical exposure and his rash-symptoms aside from his own conclusions. Conclusions without factual support are simply not enough to proceed on this Eighth Amendment Claim. *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Iqbal*, 556 U.S. at 678).

Moreover, even if Plaintiff had properly alleged his food and medicine poisoning claim against Hiatt, Plaintiff admits that the alleged injury he suffered from the poisoning— the heart pain—was minor if anything as his heart was checked by a physician and found to be in good working order.[3]  Filing No. 1 at 20.  In relation to the rash symptoms, Plaintiff notes that medical staff on multiple times have looked at the rash and concluded that Plaintiff's work with chemicals is the likely culprit, and they have prescribed him some medications to try to combat the rash.  Filing No. 6 at 30.

---

[3] Eighth-Amendment claims require a compensable injury that is more than *de minimis*. *Cummings v. Malone*, 995 F.2d 817, 822–23 (8th Cir. 1993).  Here, Plaintiff claims that he sought or received medical care for his heart pain and was told his heart is healthy.  There is no basis for this Court to conclude anything other than de minumus injury relating to otherwise undescribed "heart pain."  *See e.g. Gardner v. Zavadil*, No. 6:16-CV-6108, 2017 WL 3476977, at *3 (W.D. Ark. Aug. 14, 2017).

7

As there are no allegations that Plaintiff's heart pain symptoms were caused by poison or even spoiled food much less that Hiatt purposefully acted to poison Plaintiff, and as his alleged heart injury has been medically evaluated and his heart deemed healthy, it appears that Plaintiff has suffered no injury as a result of the alleged poisoning. Moreover, there are no allegations that would allow this Court to accept Plaintiff's conclusion that Yero, Welch, and Smith, exposed Plaintiff to chemicals, nonetheless purposefully (even if it appears medical staff believes there is a connection between a chemical exposure and Plaintiff's rash). For these reasons, Plaintiff's Eighth Amendment conditions of confinement claims against Yero, Hiatt, Smith, and Welch must be dismissed for failure to state a claim on which relief may be granted.

Because Plaintiff's claims against Yero, Hiatt, Smith, and Welch must be dismissed, any claim against Boyd for failure to supervise or otherwise oversee their actions must also be dismissed. And, even if any of Plaintiff's Eighth Amendment claims against Yero, Hiatt, Smith, or Welch could proceed, the doctrine of respondeat superior does not apply to § 1983 cases. *See* *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). Thus, to state a claim against Boyd in his individual capacity, Plaintiff must have plead facts suggesting that Boyd was personally involved in the alleged violations of his constitutional rights, which he did not. *Id.*

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint wholly fails to state a claim upon which relief may be granted against any named defendant and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A.

IT IS THEREFORE ORDERED that: The Complaint, Filing No. 1; Filing No. 6 is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 17th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court